DECISION AND JUDGMENT ENTRY
Kathy Galt appeals the judgment of the Athens County Municipal Court, Small Claims Division, which determined that she wrongfully withheld Inge Detweiler's security deposit on a cabin that Detweiler rented from Galt. Galt asserts that the trial court erred as a matter of law in finding that Detweiler gave adequate notice of her intent to terminate her lease pursuant to R.C. 5321.17(B). Because R.C. 5321.17 requires thirty days notice prior to the periodic rental date, rather than prior to the date of termination, and because the record establishes that the periodic rental date in this case began on the first of each month, we agree. Accordingly, we reverse the judgment of the trial court.
 I.
On July 2, 2000, Detweiler gave Galt eight hundred fifty dollars ($850) as a security deposit on a cabin that Detweiler intended to lease from Galt. The parties did not enter into a written lease, but agreed that Detweiler would rent the cabin, beginning in September, at a rate of four hundred twenty-five dollars ($425) per month.
Detweiler moved into the cabin on September 2, 2000. She paid her first month's rent on September 5, 2000. Detweiler paid her rent for the month of October on October 2, 2000.
On October 9, 2000, Detweiler sent Galt a letter informing Galt that she intended to terminate her tenancy on November 11, 2000. In the letter, Detweiler requested that Galt return her security deposit, less the pro-rated value of the eleven days in November that Detweiler intended to retain possession of the cabin. Specifically, Detweiler calculated the daily rental rate ($425 divided by thirty days equals $14.16), and then multiplied the daily rental rate by eleven, for a rental value of approximately one hundred fifty-six dollars ($156) for the first eleven days of November. Detweiler demanded that Galt return six hundred ninety-four dollars ($850 security deposit less $156 November rent) within thirty days of November 11, 2000.
Galt did not return Detweiler's deposit before December 11, 2000. On December 15, 2000, Galt sent Detweiler a letter explaining that Detweiler's insufficient notice cost Galt the opportunity to rent to a third party that had expressed interest in the cabin. Galt offered to return half the amount Detweiler demanded. On December 20, 2000, Detweiler filed suit seeking the return of her security deposit less eleven days rent for November ($694), plus an additional $694 in damages, as provided for by R.C. 5321.16(C).
The trial court found that Galt and Detweiler entered into an oral month-to-month lease, which either party could terminate by giving the other thirty days notice. The trial court further found that Detweiler provided Galt with the required notice via the letter she presented to Galt on October 9, 2000. Thus, the trial court concluded that Detweiler was entitled to a refund of her security deposit minus rent for the first eleven days of November. Additionally, the court determined that it was required to assess statutory damages for a wrongfully withheld security deposit in an amount equal to that wrongfully withheld. Thus, the trial court entered judgment in favor of Detweiler in the amount of thirteen hundred eighty-eight dollars and twenty-six cents ($1,388.26.)
Galt timely appeals, asserting the following assignments of error:
The trial court erred as a matter of law in finding that Appellee had provided the required thirty-days notice under R.C. 5321.17(B) when Appellee provided only twenty-two days notice prior to the periodic rental date.
The trial court erred as a matter of law in finding that Appellant wrongfully withheld Appellee's security deposit and awarding double damages pursuant to R.C. 5321.16(B)-(C) when the periodic tenancy lawfully ended on November 30, 2000.
 II.
Galt contends that the trial court erred in determining that Detweiler provided adequate notice because it evaluated the timeliness of Detweiler's notice without reference to the periodic rental date. Galt notes that Detweiler provided notice on October 9, 2000, only twenty-two days prior to the next periodic rental date, November 1, 2000.
R.C. 5321.17(B) governs the termination of month-to-month tenancies in Ohio. R.C. 5321.17(B) provides in relevant part that either the landlord or tenant "may terminate or fail to renew a month-to-month tenancy by notice given the other at least thirty days prior to the periodic rentaldate." (Emphasis added.) Thus, Ohio courts have held that if, in a thirty-one day month, a party gives notice on the second day of the month, then the required notice has been given since the thirty-day period would expire on the thirty-first day of the month, one day prior to the next periodic rental date. Feldmann v. Ponziani (April 21, 1995), Montogomery App. No. 14857, unreported. However, if the terminating party gives notice on the fourth day of the month, the required notice has not been given because the thirty-day period would not run until after the next periodic rental date. Instead, the terminating party's obligation extends to the subsequent periodic rental date. DeBenedictus v. Gialamas
(Jan. 24, 1997), Lake App. No. 96-L-006, unreported; see, also, VoyagerVillage Ltd. V. Williams (1982), 3 Ohio App.3d 288, 292; M. FriedmanMgt. Co. v. Malek (Dec. 3, 1993), Lake App. No. 93-L-022, unreported;Neubauer v. Patzkowsky (June 2, 1992), Franklin App. No. 91AP-1236, unreported.
Detweiler contends that no periodic rental date exists in this case. Detweiler points out that she did not move into, pay rent for, nor vacate the premises on the first of any month. Additionally, Detweiler notes that written leases preceded the month-to-month leases in Friedman andDeBenedictus, whereas she never executed a written lease in this case. Thus, Detweiler asserts that no periodic rental date like those initially established by written leases in Friedman and DeBenedictus exists here.
The trial court found that the parties orally agreed to a month-to-month tenancy in this case. Additionally, the trial court found that Detweiler paid her rent for the month of October. The court then calculated the additional rent Detweiler owed in the manner Detweiler requested: by pro-rating the monthly rent amount for the first eleven days of November.
Detweiler's own action, i.e., calculating the amount of rent to be subtracted from her security deposit via reference to the first of November, belies her assertion that no periodic rental date exists in this case. By calculating the November rent in such a manner, both Detweiler and the trial court implicitly recognized that the next rental period in this case began on the first of November.
At oral argument, Detweiler argued that even if the periodic rental date fell on the first of each month, she still gave Galt adequate notice because she and Galt had orally agreed that precisely thirty days notice was required, regardless of the periodic rental date. Detweiler further contended that Galt implicitly agreed to such an arrangement, thus waiving her right to enforce the statutory notice requirement, when she failed to notify Detweiler that Detweiler did not give sufficient notice.
First, we note that Galt did contest the adequacy of Detweiler's notice, both in her December 15, 2000 letter to Detweiler and in her arguments before the trial court. Additionally, regardless of whether Galt initially agreed to a shorter notice period, Galt is entitled to enforce the statutory notice period. Pursuant to R.C. 5321.06, parties may not include any terms and conditions in a lease that are inconsistent with R.C. Chapter 5321. R.C. 5321.17(B) requires notice of termination of a month-to-month tenancy at least thirty days prior to the periodic rental date. Thus, an oral agreement allowing parties to give notice without reference to the periodic rental date is inconsistent with R.C.5321.17(B). Consequently, such an agreement is unenforceable. R.C. 5321.06; see, also, DeBenedictus, supra (holding that a written clause in a month-to-month lease, which allowed either party to give only twenty days notice without reference to the periodic rental date, was unenforceable.)
Because the trial court's findings and the record indicate that the periodic rental date in this case fell on the first day of the month, Detweiler's October 9, 2000 notice of termination failed to provide Galt with notice thirty days prior to the next periodic rental date, November 1, 2000. Instead, the October 9, 2000 notice terminated Detweiler's obligation as of November 30, 2000, with December 1, 2000 being the first periodic rental date occurring at least thirty days after Detweiler's notice. Thus, the trial court erred as a matter of law when it ruled that Detweiler gave the required notice before vacating the rental premises.
Accordingly, we sustain Galt's first assignment of error.
 III.
In her second assignment of error, Galt contends that the trial court erred in finding that she wrongfully withheld Detweiler's security deposit and in awarding double damages to Detweiler.
Pursuant to R.C. 5321.16(B), a landlord must return a tenant's security deposit in full, or give a written and itemized explanation of any deductions from the security deposit, "within thirty days after termination of the rental agreement and delivery of possession." If a landlord fails to timely return the security deposit or provide a written explanation, the tenant is entitled to the amount wrongfully withheld, plus additional damages in an amount equal to that wrongfully withheld. R.C. 5321.16(C).
As we determined in resolving Galt's first assignment of error, the periodic tenancy in this case terminated on November 30, 2000. Because the tenancy in this case did not end until November 30, 2000, Galt had until December 30, 2000 to return Detweiler's security deposit or offer an explanation for any deductions from it. Galt sent Detweiler a letter on December 15, 2000, fifteen days before the statutory period expired. Detweiler filed suit on December 20, 2000, ten days before the thirty-day statutory period expired.
Thus, we find that the trial court erred in determining that Galt failed to meet her statutory obligation by not returning Detweiler's security deposit within thirty days of November 11, 2000. For that reason, the court further erred in awarding double damages to Detweiler. Accordingly, we sustain Galt's second assignment of error.
In conclusion, we find that Detweiler's obligation to pay rent on the cabin terminated on November 30, 2000. Additionally, we find that Galt did not wrongfully withhold Detweiler's deposit by failing to return it or offer a written explanation of any unreturned amount prior to December 11, 2000. Having sustained both of Galt's assignments of error, we reverse the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court, Small Claims Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment and Opinion.
Evans, J.: Concurs in Judgment and Opinion as to A/E I; Dissents as to A/E II.